UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

KRISTA JONES,

        Plaintiff,

v.

INTERLAKE STEAMSHIP COMPANY, et al.,

        Defendants.
_____/

Case No.   2:19-cv-00255

Hon. Robert J. Jonker
U.S. District Judge

## REPORT AND RECOMMENDATION

### I. Introduction

This Report and Recommendation (R&R) addresses the motion for partial summary judgment filed by Plaintiff, which includes an interim request for attorney's fees. (ECF No. 135.)

In May 2019, Plaintiff Krista Jones worked for Interlake Steamship Company ("Interlake") as Chief Steward onboard the Motor Vessel *Stewart J. Cort* ("*Cort*"). On May 29, 2019, Jones missed the *Cort*'s departure from Superior, Wisconsin. The next day, she was fired.

At the time of her termination, Jones was a member of a union: Defendant Marine Engineers' Beneficial Association ("MEBA"). The terms of her employment were governed by a 2013 collective bargaining agreement ("CBA") between Interlake and MEBA and by a 2013 Side Letter agreement. The CBA required Interlake to have provided "just cause" to terminate members of MEBA, but the Side Letter agreement excluded Chief Stewards and Masters from this provision.

Jones sued Interlake and MEBA for violations of the Labor Management Relations Act ("LMRA"). Specifically, Jones alleged (1) a hybrid Section 301 claim against both Defendants, asserting first that Interlake breached the CBA by terminating Jones without just cause, and second that MEBA violated its duty of fair representation by failing to adequately represent Jones in a grievance against Interlake, (2) a claim against MEBA, asserting that MEBA also breached its duty of fair representation by negotiating the 2013 Side Letter agreement that excluded Chief Stewards from many of the protections of the CBA, (3) a claim that MEBA violated Jones's right to a copy of her CBA under 29 U.S.C. § 414 by making her pay $25 for a copy, and (4) claims that either or both Defendants violated unspecified state contract laws.

After Defendants filed dispositive motions, this Court granted the motions and dismissed this case. (ECF Nos. 63 and 64.) The Sixth Circuit reversed the dismissal in part and affirmed it in part. (ECF No. 67.) The Sixth Circuit affirmed the dismissal of Interlake because Interlake did not breach the contract by firing Jones and the dismissal of the state law claims (claims 1 and 4). (*Id.*) The Sixth Circuit reversed the dismissal of MEBA and remanded the remaining issues against MEBA to this Court (claims 2 and 3). (*Id.*)

Jones moves for summary judgment on her Section 414 claim (claim 3) and further argues that she is entitled to an award of attorney fees. After the Sixth Circuit decision, MEBA returned the $25.00 copy fee with interest (MEBA paid Jones $50.00). (ECF No. 138, PageID.1017.) MEBA also rescinded the policy of charging

2

a fee for union members to obtain a copy of the CBA. MEBA further argues that Jones never pleaded a § 414 claim in her complaint and it was error for this Court and the Sixth Circuit Court of Appeals to conclude that she had. Jones argues that the issue of whether she properly pleaded a § 414 has been determined in her favor and she is entitled to an award her attorney fees.

**II. Summary Judgment Standard**

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *Kocak v. Comty. Health Partners of Ohio, Inc.*, 400 F.3d 466, 468 (6th Cir. 2005). The standard for determining whether summary judgment is appropriate is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *State Farm Fire & Cas. Co. v. McGowan*, 421 F.3d 433, 436 (6th Cir. 2005) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). The court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Twin City Fire Ins. Co. v. Adkins*, 400 F.3d 293, 296 (6th Cir. 2005).

**III. Analysis**

First, the Sixth Circuit Court of Appeals rejected MEBA's argument that "Jones has not sufficiently pleaded a Section 414 claim." *Jones v. Interlake*

3

*Steamship Co.*, 2021 WL 3719355, *7 (6th Cir. Aug. 23, 2021) (ECF No. 67, PageID.511.) The Court concluded that although the amended complaint was not a "model of clarity", paragraph 59 – when coupled with other allegations – "sufficiently demonstrate[d] that she ha[d] pleaded that MEBA violated Section 414 by refusing to give her a copy of the CBA and Side Letter until she paid $25." (*Id.*, PageID.511-512.) The Court explained that the Office of Labor-Management Standards (OLMS) manual's interpretation of Section 414, although not binding on the court, persuasively demonstrated that a union may not charge a fee for a copy of a CBA, thus allowing the court to "conclude that Jones has stated a plausible Section 414 claim against MEBA . . ." (*Id.*, PageID.512-513.)

Second, MEBA argues that although it recognizes the Sixth Circuit's holding that Jones may have an actionable § 414 claim, it does not necessarily agree with the holding. (ECF No. 138, PageID.1016.) Nevertheless, MEBA paid Jones $50.00 representing the $25.00 she paid to MEBA in 2019 to obtain a copy of the CBA plus interest. (*Id.*, PageID.1017.) MEBA has not meaningfully responded to Jones's motion for summary judgment on the merits of the § 414 claim. Accordingly, it is the recommendation of the undersigned, that Jones's motion for summary judgment on the merits of her § 414 claim be granted. As compensatory damages, the $50.00 provided to Jones by MEBA more than compensates her for her $25.00 loss and satisfies her prayer for relief on her § 414 claim based upon her request of "$25 for the CBA". (ECF No. 28, PageID.107; ECF No. 135, PageID.970.)

Third, Jones requests an award of attorney fees. MEBA objects to this request. MEBA cites to *Brown v. Local 58, Int'l Brotherhood of Electrical Workers*, 76 3d 762, 770 (6th Cir. 1996), which recognized that the Court retains "discretion to award fees to a union member whose lawsuit produced a 'common benefit' shared by the membership a large." *Id., (citing Hall v. Cole,* 412 U.S. 1, 9 (1973)). The parties argue whether MEBA's change in policy eliminating a fee to union members who would like a hard copy of the CBA is a common benefit shared by the membership at large. MEBA argues that most union members will not request a hard copy of the CBA. (ECF No. 138, PageID.1018.)

At this point in the litigation, the significant issue of whether MEBA breached its duty of fair representation remains unresolved. It is respectfully recommended that the Court exercise its discretion and allow Jones to file a properly supported motion for attorney fees, explaining how this litigation benefited the union membership at large, and explaining the amount of fees requested, at the conclusion of this case.

### IV. Recommendation

It is respectfully recommended that the Court grant Jones's motion for partial summary judgment on § 414 issue and conclude that $50.00 fully compensates her for her loss.

It is further recommended that the Court deny without prejudice Jones's interim request for an award of attorney fees and allow Jones to file an appropriate motion for attorney fees upon conclusion of the remaining issues in this case.

NOTICE TO PARTIES:  Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b).  Failure to file timely objections constitutes a waiver of any further right to appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985).

Dated:   September 19, 2023                    /s/ *Maarten Vermaat*
                                                                     MAARTEN VERMAAT
                                                                     U.S. MAGISTRATE JUDGE